## CLAP et al. v. INTERSTATE ST. RY. CO.

(Circuit Court, D. Massachusetts. June 5, 1894.)

### No. 3,214.

RECEIVERS—BRANCH ROADS.

> After the appointment of a receiver for a street-railway company, the court will not appoint a separate receiver for one of its branches, especially where such branch has ceased to be operated, by reason of the destruction of its power house.

In Equity. On petitions of Boston Safe-Deposit & Trust Company, trustee under mortgage of the Attleborough, North Attleborough & Wrentham Street-Railway Company, Charles Francis Adams, owner of certain bonds of the Interstate Street-Railway Company, and the General Electric Company, owner of certain shares of stock of the Attleborough, North Attleborough & Wrentham Street-Railway Company, for appointment of separate receiver in the suit of Harvey Clap and others against the Interstate Street-Railway Company.

William G. Roelker, for complainants.

E. W. Burdett, for complainant United Traction & Electric Co.

Gaston & Snow and Solomon Lincoln, for complainant Boston Safe-Deposit & Trust Co.

H. E. Warner, for complainant Charles F. Adams.

Charles H. Tyler, for complainant General Electric Co.

Walter H. Barney, for respondent receiver.

COLT, Circuit Judge. The only question properly raised by these petitions is whether the receiver, Cornelius S. Sweetland, shall be discharged from the possession and control of that portion of the railway lines of the Interstate Street-Railway Company known as the Attleborough, North Attleborough & Wrentham Street-Railway Company, and a separate receiver appointed to take charge of that property. The real controversy between these petitioners and the Interstate Company cannot be determined except upon proper pleadings and proofs. Whether the Interstate Company acquired a valid title to the Attleborough road, or whether the second issue of bonds by the company was in excess of the amount allowed by law, and other matters in dispute which are set out in the petitions and accompanying affidavits, cannot be decided by the court at this stage of the proceedings, but must await a full hearing according to the usual course of equity procedure. As the case now stands, I have simply to determine whether, in the exercise of a sound discretion, another receiver should be appointed to manage the Attleborough Branch. The office of a receiver is merely to preserve the property

pending suit, and he represents equally all claimants. To appoint a separate receiver for each distinct interest is inadvisable for many apparent reasons. Mr. Sweetland was appointed receiver December 22, 1893. In January the power house burned down, and since then the road has not been operated. As the property is now situated, I cannot see what advantage could be derived from the appointment of an additional receiver. The property is not large, and the services of another receiver are not necessary. It would only increase expenses, and the situation would be further complicated by a division of the property, and by separate, and perhaps hostile, administrations of different portions of it. If the road were running, the court might, upon the showing made by the petitioners, direct the receiver to keep a separate account of the receipts and disbursements of the Attleborough Branch, but, in the present condition of affairs, I see no necessity for making any such order. The burning of the power house has stopped the running of cars, much to the inconvenience of the public. If this had not happened, the effort would have been made to continue the road in operation while it remained in the hands of the court; but as this cannot be done, owing to this accident, I hardly think it within the legitimate powers of the court for it to undertake to set the road in operation again by the outlay of any considerable sum of money, unless it should be requested so to do by all the parties in interest. It is not the business of the court to build railroads or to set railroads in operation which have ceased to run, but its duty is to preserve the property which comes into its hands until it passes to the rightful owners, and incidentally, in furtherance of this end, to continue the operation of the railroad where it is practicable. Petitions denied.